

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00030-CR

---

JASON MICHAEL RASOR, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 34009CR

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Pursuant to a plea agreement, Jason Michael Rasor pled guilty to the offense of driving while intoxicated (DWI), third or more offense, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Supp.). The trial court sentenced Rasor to ten years' incarceration but placed him on ten years' community supervision. Later, alleging that Rasor violated the terms and conditions of his community supervision by consuming alcohol and marijuana and by failing to complete community service and attend support group meetings, the State filed a motion to revoke. After Rasor pled true to the State's allegations regarding consumption of alcohol and marijuana and failing to complete community service, the trial court revoked Rasor's community supervision and sentenced Rasor to ten years' imprisonment.

In one issue on appeal, Rasor claims his due process rights were violated when the trial court refused to consider the full range of punishment. We affirm the trial court's judgment.

## I. Standard of Review and Applicable Law

"[A] trial judge has broad discretion in ruling on a revocation motion." *State v. Waters*, 560 S.W.3d 651, 661 (Tex. Crim. App. 2018). Generally, we review a trial court's determination on a community supervision revocation for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

"The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law." *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). "A court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process." *Grado v. State*, 445

S.W.3d 736, 739 (Tex. Crim. App. 2014). Hence, "despite a judge's wide discretion in determining the proper punishment in a revocation hearing, due process requires the right to a hearing before a neutral and detached hearing body." *Id.* "We presume the trial judge was a neutral and detached officer and considered the full range of punishment unless there is a clear showing to the contrary." *Cabrera v. State*, 513 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (holding, in the context of a complaint that the trial court failed to consider the full range of punishment, that "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct"); *Vickers v. State*, 467 S.W.3d 90, 96 (Tex. App.—Texarkana 2015, pet. ref'd) (same, in context of a complaint that the trial court determined punishment based on information other than the evidence adduced at trial).

The range of punishment for a third-degree felony is "not more than 10 years or less than 2 years." TEX. PENAL CODE ANN. § 12.34(a). "In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $10,000." *Id.* § 12.34(b).

## II. Analysis

Rasor does not contest the trial court's findings, based on his pleas of true, that he violated the terms and conditions of his community supervision by consuming alcohol and marijuana and failing to complete community supervision. Instead, Rasor argues that the trial court did not consider the entire range of punishment or mitigating circumstances. We disagree.

Rasor complains that the following statements by the trial court were a "clear and overt" indication that it did not consider the full range of punishment: "We are far past the time, Mr. Rasor, where you get to craft what you would like to have to benefit you to make your life better. We're way past that. . . . But I'm going to make sure that you can't hurt anyone in Hunt County." Rasor argues that these statements constituted an "announcement that it would only consider the maximum sentence," and that they "both explicitly and implicitly demonstrate the court did not consider the full range of punishment or any mitigating evidence." Rasor contends that his mitigating evidence included "his newborn son and willingness to follow through with probation."

Rasor's arguments miss the mark. First, we note that Rasor was not sentenced to the maximum sentence, as no fine was assessed, though a third-degree felony includes a potential fine up to $10,000.00. *See id.* A sentence that falls within the applicable statutory range of punishment, *see id.* § 12.34(a), "[a]s a general rule, . . . will not be disturbed on appeal." *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Next, the record indicates that the trial court properly stated the punishment range for a third-degree felony at the beginning of the hearing on the State's motion to revoke Rasor's community supervision. This statement indicates that the trial court did, in fact, consider the full range of punishment.

Punishment was not mentioned again until after both parties had rested.

A review of the trial court's statements in context demonstrates that the trial court did, in fact, consider Rasor's child and family, including the effect Rasor's behavior could potentially

4

have on them. The record shows that the trial court had already given Rasor the opportunity to successfully complete community supervision, even after multiple DWI offenses. Rasor, though, continued to consume alcohol and marijuana. The trial court's statements revealed the trial court's reasoning for imposing the maximum incarceration against Rasor. Nothing in the record indicates that the trial court determined this sentence prior to considering the evidence before it.

Under these circumstances, we conclude Rasor failed to present a clear showing of bias and thus did not overcome the presumption that the trial court acted in a neutral and detached manner. The trial court did not abuse its discretion in imposing a ten-year sentence.

We overrule Rasor's sole point of error.

## III. Conclusion

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     July 14, 2026
Date Decided:      July 27, 2026

Do Not Publish